UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AL DUJUAN BAILEY,

                Plaintiff,

v.                                                    Case Number: 09-CV-10356
                                                    Honorable Lawrence P. Zatkoff

CITY OF DETROIT, *et. al.*,

                Defendants.
_____/

**OPINION AND ORDER
DISMISSING COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Al DuJuan Bailey ("Plaintiff"), a Michigan prisoner, has filed a *pro se* civil rights complaint seeking damages as a result of his confinement in the Wayne County, Michigan, jail. The Court will construe the complaint as a complaint brought pursuant to 42 U.S.C. § 1983. The Court has also granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that he is being held in violation of his rights. He seeks monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

**II. Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service

on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). In this case, despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's complaint is subject to summary dismissal.

Plaintiff's complaint is subject to dismissal because he challenges his continued imprisonment–which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his

continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff appears to be arguing in his complaint that (1) he was falsely arrested, (2) certain officers planted evidence in order to effectuate his arrest, (3) evidence was not preserved, (4) he was denied his right to fire his appointed counsel, and (5) the jail did not have a proper law library. It is Plaintiff's position that because of those facts, he has been incarcerated in violation of his constitutional rights. Considering Plaintiff's statement of facts as stated, the Court finds that he is challenging the validity of his continued confinement. Plaintiff has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983; therefore, his complaint is barred by *Heck* and the Court dismisses Plaintiff's complaint.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint. Additionally, the Court concludes that an appeal from this order

would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    **IT IS SO ORDERED**.

                                             s/Lawrence P. Zatkoff
                                             LAWRENCE P. ZATKOFF
                                             UNITED STATES DISTRICT JUDGE

Dated: February 25, 2009

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2009.

                                             s/Marie E. Verlinde
                                             Case Manager
                                             (810) 984-3290